### RONALD J. HOLMES v. STATE.

166 N. W. (2d) 715.

March 28, 1969—No. 41223.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant has pled guilty to receiving stolen property in violation of Minn. St. 1961, § 622.18 (superseded by Minn. St. 609.53). On April 20, 1960, he was sentenced to a term not exceeding 10 years in prison.[1] No

---

[1] Appeals from a subsequent conviction for robbery are reported in State v.

direct appeal has been taken. In July 1967, defendant petitioned the district court to vacate his conviction. He appeals from an order denying that petition.

The only question presented is whether the evidence compels a finding that defendant's plea of guilty was induced by (1) a promise of probation; (2) threats that his wife would be charged as an accessory; or (3) by an illegally obtained confession.

At the postconviction hearing, defendant testified that the interrogating officers promised him probation if he pled guilty. He stated that his own attorney advised him that he had talked to the judge and the prosecuting attorney and they had made a similar commitment.

In an affidavit which was presented to the trial court, defendant's counsel recited his recollection of the facts as follows:

"That after reading the transcript in this matter, this affiant refreshed his memory and recalls that some time before the plea of guilty the Assistant County Attorney handling this matter, Mr. Ronald Meshbesher, informed this affiant that at the time of sentencing he would recommend that the defendant be placed on probation; that your affiant informed the Petitioner, Ronald J. Holmes, that the County Attorney had said he would make such recommendation, and that the Court invariably accepted such recommendations; that however, the matter of sentencing was for the Court alone, and that the Court might sentence him to incarceration; that affiant does not know why the Court did not follow the recommendation of the County Attorney; this affiant still believes that the Petitioner should have been put on probation, and the sentence imposed on this Petitioner was a big shock to this affiant."

At the time of his initial arraignment in March 1960, defendant stated in open court that neither the police, the county attorney's office, the court, nor anyone else had made any threats or promises to induce his plea of guilty, and that he entered it of his own free will and accord. In addition, he said that he knew the coat which he received was stolen. At the postconviction hearing he testified that he hadn't simply received it but had stolen it himself.

At the time of sentencing, defendant's counsel and the county attorney both urged the court to put defendant on probation. Nevertheless, the court imposed a sentence of confinement. Although defendant thereupon protested and asked the court for a lighter sentence, he made no mention of any agreement that probation had been promised in return for a

Holmes, 273 Minn. 223, 140 N. W. (2d) 610; and State v. Holmes, 281 Minn. 294, 161 N. W. (2d) 650.

plea of guilty. He has waited 7 years to raise that issue. On this record, we hold that the evidence supports the trial court's refusal to vacate the conviction.

Nor is there any evidence which compels a finding that the plea was induced by a threat that defendant's wife would be charged as an accessory if he did not plead guilty. Although she was held in custody for a time, she was released before defendant made a statement.

As to the confession, it is sufficient to note that it was not given until after the plea was entered. Accordingly, the order of the district court is affirmed.

Affirmed.