## SULLENS v FORD MOTOR COMPANY

Docket No. 227185. Submitted February 7, 2001, at Detroit. Decided March 23, 2001, at 9:00 A.M.

Arthur H. Sullens, 919 weeks after sustaining an injury while working for Ford Motor Company, filed with the Bureau of Worker's Disability Compensation a claim for total and permanent disability, alleging permanent and total loss of industrial use of his legs. A magistrate denied the claim, ruling that it was barred by MCL 418.361(3)(g), which the magistrate construed as requiring claims like that of the plaintiff be filed within five hundred weeks less thirty days from the date of injury. The Worker's Compensation Appellate Commission affirmed the magistrate's decision. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

Subsection 361(3)(g) provides that the permanency of the total loss of industrial use of both legs or both hands or both arms or one leg and one arm shall be determined not less than thirty days before the expiration of five hundred weeks from the date of injury. Nothing on the face of subsection 361(3)(g) prohibits the filing of a petition after the expiration of the stated period. Rather, the plain and ordinary meaning of the language is that the concept of permanency shall be determined within the stated period.

Reversed and remanded.

Worker's Compensation — Total and Permanent Disability — Loss of Industrial Use of Legs, Hands, or Arms — Permanency.

The Worker's Disability Compensation Act, in requiring that the permanency of the total loss of industrial use of both legs or both hands or both arms or one leg and one arm of a person claiming total and permanent disability be determined not less than thirty days before the expiration of five hundred weeks from the date of injury, does not set a period of limitation for the filing of such claims (MCL 418.361[3][g]).

*James R. Cmejrek*, for Arthur H. Sullens.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Morrison Zack*, Assistant Attorney General, for the Second Injury Fund.

Before: WHITBECK, P.J., and MURPHY and COOPER, JJ.

MURPHY, J. Plaintiff appeals by leave granted from an order of the Worker's Compensation Appellate Commission (WCAC) affirming the magistrate's decision to deny plaintiff benefits. We reverse and remand.

I

Plaintiff worked as a truckdriver for Ford Motor Company until May 1979. He quit working because of a work-related injury to his back. On September 9, 1996, plaintiff filed a claim for total and permanent disability benefits based on the alleged loss of the industrial use of his legs. However, the magistrate denied plaintiff benefits, relying on the WCAC's holding in *Damon Gray v Babcock Industries*, 1998 WCACO 205, that subsection 361(3)(g) of the Worker's Disability Compensation Act (WDCA), MCL 418.361(3)(g), requires a plaintiff to file a claim before the expiration of 500 weeks less 30 days from the date of injury.

Plaintiff appealed to the WCAC, arguing that case law permits a filing at some time later than 500 weeks less 30 days as long as the claimant demonstrates that the total and permanent disability manifested itself during the 500-weeks-less-30-days period. The Second Injury Fund filed a brief in which it agreed with plaintiff's position.

Nonetheless, the WCAC agreed with the magistrate's decision. The WCAC stated that in *Gray* it had affirmed the denial of benefits to the plaintiff because subsection 361(3)(g) places a limitation on the plaintiff's ability to file such a claim. The WCAC observed that plaintiff in this case waited approximately 919 weeks from the date of injury to file his claim and that to allow his claim to proceed now would be contrary to the law expressed in *Gray*. Because it found *Gray* to be factually and legally on point with this case, the WCAC affirmed the magistrate's decision to deny plaintiff benefits on the basis that the claim was time-barred. Plaintiff applied for leave to appeal to this Court, which we granted.

II

The single issue we are asked to decide is the proper construction of the phrase "permanency shall be determined not less than 30 days before the expiration of 500 weeks from the date of injury" in subsection 361(3)(g) of the WDCA. Plaintiff argues that the WCAC has improperly construed the phrase as providing a time limit during which such a claim must be filed. We agree.

The statute provides in pertinent part the following:

(3) Total and permanent disability, compensation for which is provided in section 351 means:

\*          \*          \*

(g) Permanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subdivision such permanency shall be determined not less than 30 days before the expiration of 500 weeks from the date of injury. [MCL 418.361.]

We review questions of law involved in any final order of the WCAC under a de novo standard of review. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 697, n 3; 614 NW2d 607 (2000). The principal goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining intent is the specific language of the statute. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). If the plain and ordinary meaning of the language is clear, then judicial construction is normally neither necessary nor permitted. *Id.*

Nothing on the face of subsection 361(3)(g) prohibits the filing of a petition after the expiration of the stated period. Rather, the plain and ordinary meaning of the language is that the concept of "permanency" shall be "determined" within the stated period.[1] Furthermore, several cases decided by both our Supreme Court and this Court indicate the general practice of accepting the filing of a petition under subsection 361(3)(g) after the expiration of the stated period. See, e.g., *Modreski v General Motors Corp*, 417 Mich 323, 325-326; 337 NW2d 231 (1983); *Johnson v Harnischfeger Corp*, 414 Mich 102, 108-109; 323 NW2d 912 (1982); *Burke v Ontonagon Co Rd Comm*, 391 Mich 103, 105; 214 NW2d 797 (1974); *Paulson v Muskegon Heights Tile Co*, 371 Mich 312, 313-314; 123

---

[1] See *Gose v Monroe Auto Equipment Co*, 409 Mich 147, 162-163, n 5; 294 NW2d 165 (1980) (where the Court stated that subsection 361[3][g] "is not a statute of limitation determining when a claim can be asserted, but rather a requirement that the permanency of the disability must be determined at a date within about 496 weeks of the date of the injury").

NW2d 715 (1963); *Thompson v Ford Motor Co*, 139 Mich App 177, 179; 362 NW2d 240 (1984); *Lockwood v Continental Motors Corp*, 27 Mich App 597, 599; 183 NW2d 807 (1970).

Nonetheless, the WCAC in *Gray* held that "in *addition* to the proof of total and permanent disability prior to the end of the period, the statute requires timely filing of such a claim based upon a loss of industrial use of arms or legs" (emphasis added). According to the WCAC, subsection 361(3)(g) has a "self-contained" statute of limitations requiring that a claim for total and permanent disability benefits based on loss of industrial use be filed within 500 weeks less 30 days of the date of injury. The WCAC reached this holding after examining the history of the development of subsection 361(3)(g) and finding persuasive that there was once a 500-week limitation on the length of time that a claimant could receive benefits.

However, because the plain and ordinary meaning of the language of subsection 361(3)(g) is clear, it was neither necessary nor permissible for the WCAC to engage in construction of the statute to reach its holding. If the Legislature intended to promulgate a statute of limitations, then it could have made its intention clear. "Courts may not speculate regarding the probable intent of the Legislature beyond the language expressed in the statute." *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd*, 240 Mich App 153, 173; 610 NW2d 613 (2000). In short, we agree with plaintiff and the Second Injury Fund that nothing on the face of subsection 361(3)(g) operates to limit the time during which plaintiff was required

to file his claim and that the merits of plaintiff's claim should therefore be examined.

Reversed and remanded. We do not retain jurisdiction.