FRANKENMUTH MUTUAL INSURANCE COMPANY v
MARLETTE HOMES, INC

Docket No. 108377. Decided February 24, 1998. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Frankenmuth Mutual Insurance Company, as subrogee of Terry C. and Darlene Weir, brought an action in the St. Clair Circuit Court against Marlette Homes, Inc., and Coachmen Industries, Inc., alleging that a poorly designed vent fan in the Weirs' manufactured home caused electrical arcing, which led to a fire that destroyed the home. The court, James T. Corden, J., granted summary disposition for the defendants, holding that the suit was barred by a statute of repose, MCL 600.5839; MSA 27A.5839, enacted to protect contractors. The Court of Appeals, MARILYN KELLY, P.J., and WAHLS and M. R. KNOBLOCK, JJ., reversed and remanded, finding that because the modular home was a mass-produced product and Marlette provided no individualized expertise to construct a particular improvement to it, the defendants are not entitled to claim the statute of repose as an affirmative defense (Docket No. 181921). The defendants seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court held:

Under the plain meaning of MCL 600.5839(4); MSA 27A.5839(4), the defendants meet the statutory definition of contractor, and the suit is barred.

There is no bright line that causes a traditional home, constructed on the property where it will remain, to be so fundamentally different from a manufactured home that is largely constructed off-site. Applying the plain meaning of MCL 600.5839(4); MSA 27A.5839(4) brings the defendants within the statutory definition of contractor.

Reversed.

Justice KELLY took no part in the decision of this case.

219 Mich App 165; 555 NW2d 510 (1996) reversed.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for the defendants.

PER CURIAM. The plaintiff insured a manufactured home that burned in 1991. As subrogee of the owners, the plaintiff sued the manufacturer. The circuit court granted summary disposition in favor of the manufacturer, relying on a statute of repose. The Court of Appeals reversed the summary disposition, but we reverse the judgment of the Court of Appeals and reinstate the summary disposition in favor of the manufacturer.

I

In 1971, Terry C. Weir and Darlene Weir purchased a manufactured home from Marlette Homes, Inc. The Weirs placed the home on their property in Jeddo, St. Clair County. To insure their home, the Weirs purchased a policy from Frankenmuth Mutual Insurance Company.

On September 18, 1991, the home burned. Frankenmuth Mutual paid $116,525.54 to compensate the Weirs for their loss, and assumed the role of subrogee.

In May 1993, Frankenmuth Mutual sued Marlette Homes and Coachmen Industries, Inc., alleging that a poorly designed vent fan had caused "electrical arcing," which led to the fire.[1]

The defendants moved for summary disposition. MCR 2.116(C)(7), (10). They asserted that this suit was barred by a statute of repose. MCL 600.5839; MSA 27A.5839. The motion was heard and granted by the circuit court in November 1994.

---

[1] The plaintiff alleged that Coachmen was Marlette Homes' "successor in interest," assuming its assets and liabilities.

The Court of Appeals reversed the summary disposition and remanded the case to circuit court. 219 Mich App 165; 555 NW2d 510 (1996).[2]

Marlette Homes and Coachmen have applied to this Court for leave to appeal.

II

This case involves a statute of repose,[3] which the Legislature enacted in 1967 to protect licensed architects and professional engineers.[4] In 1985, the Legislature amended the statute to include contractors

---

[2] The Court of Appeals later denied rehearing.

[3] The Court of Appeals explained how such a measure differs from a statute of limitation:

A statute of repose limits the liability of a party by setting a fixed time after the sale or first use of an item beyond which the party will not be held liable for defects in it or injury or damage arising from it. Unlike a statute of limitations, a statute of repose may bar a claim before an injury or damage occurs. *O'Brien v Hazelet & Erdal,* 410 Mich 1, 15; 299 NW2d 336 (1980); *Oole v Oosting,* 82 Mich App 291, 298-300; 266 NW2d 795 (1978). [219 Mich App 167, n 1.]

[4]   No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement. This limitation shall not apply to actions against any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought. [MCL 600.5839(1); MSA 27A.5839(1), as enacted in 1967 PA 203.]

within its coverage.[5] The amended statute now provides:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement. [MCL 600.5839(1); MSA 27A.5839(1), as amended by 1985 PA 188.]

The Legislature also provided a definition of the word "contractor."

> As used in this section, "contractor" means an individual, corporation, partnership, or other business entity which makes an improvement to real property. [MCL 600.5839(4); MSA 27A.5839(4), as amended by 1985 PA 188.]

---

[5] The 1985 amendment also added a one-year discovery rule, and established a ten-year cutoff, beyond which all actions would be barred.

The issue is whether, by producing and placing a manufactured home, Marlette Homes is an entity that "makes" an improvement to real property.[6]

III

The Court of Appeals correctly stated the principles that govern the analysis of a case of this sort:

> The primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construction in consideration of the purpose of the statute and the object sought to be accomplished. *Gross v General Motors Corp*, 448 Mich 147, 158-159; 528 NW2d 707 (1995). Where a statute is clear and unambiguous, judicial construction is precluded. *Mino v McCarthy*, 209 Mich App 302, 304; 530 NW2d 779 (1995). If judicial interpretation is necessary, the Legislature's intent must be gathered from the language used, and the language must be given its ordinary meaning. In determining legislative intent, statutory language is given the reasonable construction that best accomplishes the purpose of the statute. *Id*. at 304-305. Statutes of limitation, along with statutes of repose, are construed to advance the policy that they are designed to promote. They prevent stale claims and relieve defendants of the protracted fear of litigation. *Witherspoon v Guilford*, 203 Mich App 240, 247; 511 NW2d 720 (1994). [219 Mich App 169-170.]

---

[6] The Court of Appeals observed that the plaintiff has ceased arguing that a manufactured home is not "an improvement to real property." Neither is there a current issue regarding the applicability of the 1985 amendment, which expanded the statute to include contractors. In this regard, the parties appear to accept the plain language of the statute:

> The changes to subsection (1) made by this 1985 amendatory act shall apply only to a cause of action which accrues on or after the effective date of this 1985 amendatory act and shall not apply to a cause of action which accrues before the effective date of this 1985 amendatory act. [MCL 600.5839(6); MSA 27A.5839(6), as amended by 1985 PA 188.]

The Court of Appeals noted that the word "makes" is not defined in the statute, but cited a dictionary definition[7] as it concluded, "[i]f we were to apply the ordinary meaning of the word 'make' defendant would clearly fall within the definition of contractor." 219 Mich App 170.

Nonetheless, the Court of Appeals held that such a literal construction of the statute would produce an absurd result that was inconsistent with the purpose of the amendatory statute. The Court explained:

> In expanding protection to contractors, the Legislature clearly intended to protect from never-ending liability those who are in the business of constructing improvements. The statute is meant to protect providers of individual expertise who render particularized services for the construction of improvements to particularized pieces of real property. Manufacturers of prefabricated, mass produced products were not intended to be included within the statute's definition of contractor. Had the Legislature intended to give increased protection to manufacturers, it could have clearly so stated. Because the modular home was a mass-produced product, and Marlette provided no individualized expertise to construct a particular improvement to it, defendants are not entitled to claim the statute of repose as an affirmative defense.[6]

---

[6] Moreover, allowing manufacturers such as defendant Marlette to claim the defense of the statute of repose would run counter to Michigan's product liability laws. Our Legislature has provided a cause of action against manufacturers of defective products under MCL 600.2945; MSA 27A.2945. This approach would impinge on

---

[7] The Court of Appeals cited *The Random House College Dictionary* (rev ed), in which the word "make" has the definition, "to bring into existence by shaping or changing material, combining parts, etc. . . . ; to produce; cause to exist; bring about." Likewise, *The American Heritage Dictionary* (2d ed) says that to make is "[t]o cause to exist or happen; create . . . [t]o bring into existence by forming or modifying materials . . . [t]o create by putting together component parts."

the ability of consumers to pursue remedies under the product liability statute.

[219 Mich App 172.]

IV

We disagree with the Court of Appeals conclusion that the concededly plain language of the statute is rendered inapplicable by a legislative intent to exclude the manufacturers of modular homes. In reaching this conclusion, the Court of Appeals said that a modular home is a "mass-produced product," to which the manufacturer provides "no individualized expertise." The Court went on, in a footnote, to discuss manufactured homes in the context of "products." However, we can identify no bright line that causes a traditional home, constructed on the property where it will remain, to be so fundamentally different from a "manufactured" home that is largely constructed off-site. Technologies change over time, and even conventional on-site construction involves the use of important elements fabricated elsewhere (such as roof trusses).

Such uncertainties regarding legislative intent are to be resolved by applying the previously quoted rules of statutory construction. 219 Mich App 169-170. In this instance, we need not speculate about the evolving nature of the home-construction industry. We need only apply the plain language of the statute. And, as the Court of Appeals acknowledged, applying the plain meaning of MCL 600.5839(4);    MSA

27A.5839(4) brings the defendants within the statutory definition of contractor.[8]

Seeing no reason to depart from the explicit language enacted by the Legislature, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court. MCR 7.302(F)(1).

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, WEAVER, and TAYLOR, JJ., concurred.

KELLY, J., took no part in the decision of this case.

---

[8] The statute does not make a distinction on the basis of whether a defendant offers a mass-produced product. Instead, the focus is on whether a defendant "makes an improvement to real property." In this instance, the defendants delivered the home and placed it on a foundation on the Weir property. Thus, the plaintiff's arguments concerning a mere manufacturer or seller of an item that later becomes an improvement to real property are inapposite.