BIO TECH, INC v DEPARTMENT OF NATURAL RESOURCES

Docket No. 201861. Submitted February 3, 1999, at Lansing. Decided April 9, 1999, at 9:00 A.M. Leave to appeal denied, 461 Mich ___.

Bio Tech, Inc., and Stephen H. Sutherland brought an action in the Ingham Circuit Court against the Department of Natural Resources (DNR) and others, seeking an order requiring the defendants to place Bio Tech on the list of qualified underground storage tank consultants pursuant to § 21542 of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.21542; MSA 13A.21542, and to certify and list Sutherland as a certified professional pursuant to the same statutory section. Bio Tech had applied for and been included on a list of approved contractors that was created by the DNR pursuant to the provisions of the now-repealed § 21 of the Michigan Underground Storage Tank Financial Assurance Act (MUSTFA), MCL 299.821; MSA 13,29(221). Although contractors who were not on the MUSTFA list could perform work on underground tanks, only owners and operators who had work done by contractors who were on the MUSTFA list could seek state reimbursement of expenses incurred in cleaning up underground tanks. Following the 1993 amendment of § 21, with its subsequent repeal and the recodification of its provisions in § 21542 of the NREPA, and the concomitant abolishment of the existing MUSTFA list in anticipation of the new list of qualified consultants created pursuant to the provisions of § 21542, Bio Tech sought inclusion on the new list of consultants approved pursuant to § 21542 and Sutherland sought certification pursuant to the same section. The Department of Environmental Quality, successor to the DNR with respect to enforcement of underground storage tank matters, denied the plaintiffs' applications for inclusion on the new list on the basis that they did not satisfy certain of the requirements set forth in § 21542. The plaintiffs thereafter brought their action. The court, William E. Collette, J., granted summary disposition for the plaintiffs, holding that placement on the MUSTFA list constituted a license to work on underground storage tanks and that an entity that was on the MUSTFA list was entitled to be placed on the qualified consultant list even if the statutory requirements of § 21542 were not met. The defendants appealed.

The Court of Appeals *held*:

Before its 1993 amendment, no provision of the MUSTFA contained any language indicating that the Legislature intended to grant licenses to perform work on underground storage tanks to those entities that were placed on the list created pursuant to the preamendment provisions of § 21. Accordingly, placement on the MUSTFA list, although creating a valuable right, did not create a license. Because placement on the MUSTFA list did not amount to a license, the plaintiffs did not have a protected property interest in their placement on that list such that they were entitled to be placed on the list created pursuant to the provisions of § 21542 of the NREPA.

Reversed.

ENVIRONMENT — UNDERGROUND STORAGE TANKS — APPROVED CONTRACTORS — MICHIGAN UNDERGROUND STORAGE TANK FINANCIAL ASSURANCE ACT — LICENSES.

The placement of a party on the list of approved contractors created pursuant to the provisions of § 21 of the now-repealed Michigan Underground Storage Tank Financial Assurance Act did not constitute a license such that there is a protected property right that entitles a party placed on that list of approved contractors to placement on the list of qualified underground storage tank consultants created pursuant to § 21542 of the Natural Resources and Environmental Protection Act (former MCL 299.821; MSA 13.29[221], before its amendment by 1993 PA 212; MCL 324.21542; MSA 13A.21542).

*Craig W. Elhart, P.C.* (by *Craig W. Elhart*), for the plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *James L. Stropkai*, Assistant Attorney General, for the defendant.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and O'CONNELL, JJ.

FITZGERALD, P.J. Defendants, Department of Natural Resources (DNR) and Underground Storage Tank Division, appeal as of right the order granting summary disposition in favor of plaintiffs, Bio-Tech, Inc., and Stephen H. Sutherland, in this action in which plain-

tiffs filed suit to force defendants to place them on the list of qualified underground storage tank consultants. We reverse.

The now-repealed Michigan Underground Storage Tank Financial Assurance Act (MUSTFA) was enacted to

> assist persons in this state in meeting the financial responsibility requirements provided for in subtitle I of title II of the solid waste disposal act, Public Law 89-272, 42 USC 6991 to 6991i, to address the problems associated with releases from petroleum underground storage tank systems and to promote compliance with the underground storage tank regulatory act, Act No. 423 of the Public Acts of 1984 and the leaking underground storage act. [former MCL 299.802; MSA 13.29(202), repealed by 1994 PA 451, sec. 90101, effective March 30, 1995.]

In furtherance of this purpose, the MUSTFA created an investment fund to help reimburse property owners for the expense of cleaning up chemical waste, including leaking underground storage tanks. To facilitate cleanup, the DNR was given the authority under § 21 of the MUSTFA, former MCL 299.821; MSA 13.29(221),[1] to prepare and annually update a list of approved contractors who, on the basis of DNR guidelines, were qualified to undertake corrective actions. The list became known as the "MUSTFA list." Although entities not on the MUSTFA list were not precluded by law from performing work on underground storage tanks, only property owners who hired an approved MUSTFA-list contractor were eligible to obtain reimbursement for any expenses incurred in cleaning up

---

[1] Section 21 was repealed, effective March 30, 1995. 1994 PA 451, § 90101.

underground storage tanks. Subsection 9 of § 5 of 1989 PA 152, MCL 299.805(9); MSA 13.29(205)(9), before its amendment by 1993 PA 1 and subsection 7 of § 15 of 1989 PA 152, MCL 299.815(7); MSA 13.29(215)(7) before its amendment by 1993 PA 1. Plaintiff, Bio-Tech, Inc.,[2] applied to and was qualified by the DNR to be included on the MUSTFA list.

On October 26, 1993, the MUSTFA and the Leaking Underground Storage Tank Act (LUST), MCL 299.831 *et seq.*; MSA 14.528(261) *et seq.*, were amended to provide that only consultants meeting new statutory requirements could perform work on underground storage tanks.[3] As a result of the amendments, the MUSTFA list was abolished and a new list of qualified underground storage tank consultants (qualified consultants) was created by the Department of Management and Budget pursuant to § 21542 of the Natural Resources and Environmental Protection Act, MCL 324.21542; MSA 13A.21542, which, in part, describes the requirements an applicant must meet to be placed on the list.

Bio-Tech, Inc., applied for inclusion on the qualified consultant list, and Stephen H. Sutherland, President of Bio-Tech, Inc, applied for certification as a certified professional, as required by subsection 2(b) of § 21542. On February 22, 1995, plaintiffs were noti-

---

[2] Bio-Tech, Inc., formerly operated under the name of Enviro-Tech Consulting Services, Inc.

[3] The MUSTFA was amended pursuant to 1993 PA 212. The LUST was amended pursuant to 1993 PA 213. The acts were codified by 1994 PA 451 as part 213, MCL 324.21301 *et seq.*; MSA 13A.21301 *et seq.*, and part 215, MCL 324.21501 *et seq.*; MSA 13A.21501 *et seq.*, respectively. "Consultant" is defined in both part 213 and part 215 as "a person on the list of qualified underground storage tank consultants prepared pursuant to section 21542 [MCL 324.21542; MSA 13A.21542]." MCL 324.21302(b); MSA 13A.21302(b) and MCL 324.21502(i); MSA 13A.21502(i), respectively.

fied by the Department of Environmental Quality (DEQ)[4] that each of them had failed to meet the statutory qualifications for inclusion on the newly created list.

On March 8, 1995, plaintiffs filed suit alleging that plaintiffs' inclusion on the MUSTFA contractor's list amounted to a license that could not be revoked without due process of law. Plaintiffs also claimed that this license entitled them to automatic inclusion on the newly created list of qualified consultants. Defendants filed a motion for summary disposition, asserting that an entity's inclusion on the MUSTFA list was not tantamount to a license to perform work on underground storage tanks. The trial court held that placement on the MUSTFA list constituted a license to work on underground storage tanks and that an entity that was on the MUSTFA list was entitled to be placed on the qualified consultant and certified professional list even if the statutory requirements of § 21542 were not met.

The pivotal question presented for our consideration is whether a license was created by the inclusion of an entity on the MUSTFA list. In Michigan, a license, once bestowed, becomes a protected property interest that may not be revoked without appropriate due process protection afforded to the aggrieved party. *Bundo v Walled Lake*, 395 Mich 679, 691, 695; 238 NW2d 154 (1976); US Const, Am V; Const 1963, art 1, § 17. Therefore, if plaintiffs' inclusion on the MUSTFA

---

[4] At the time MCL 299.821; MSA 13.29(221) was enacted, the responsibility for maintaining the list of qualified contractors was vested in the DNR. Subsequently, by Executive Order No. 1995-16, the functions that are the subject of this appeal were transferred to the DEQ.

list constituted a license, it was a vested right that could not be revoked without due process of law.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). The Legislature is presumed to have intended the meaning it plainly expressed. *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). Nothing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself. *In re Marin*, 198 Mich App 560, 564; 499 NW2d 400 (1993).

Subsection 5(1) of the Administrative Procedures Act, MCL 24.205(1); MSA 3.560(105)(1), defines a license as:

> the whole or part of any agency permit, certificate, approval, registration, charter, or similar form of permission required by law, but does not include a license required solely for revenue purposes, or a license or registration issued under Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Michigan Compiled laws.

In *Westland Convalescent Center v Blue Cross & Blue Shield of Michigan*, 414 Mich 247, 272; 324 NW2d 851 (1982), the Court, quoting Bienenfeld, Michigan Administrative Law (Ann Arbor: Institute of Continuing Legal Education), p 7-1, defined a license as " 'permission by competent authority to do an act which, without such permission, would be illegal.' "

No preamendment provision of the MUSTFA contained any language indicating that the Legislature intended to grant licenses to perform work on underground storage tanks to those entities included on the MUSTFA list. To the contrary, an entity not included on the MUSTFA list was not prohibited by law from performing work on underground storage tanks. Hence, the statute, although creating a valuable right, did not create a license. See, e.g., *Ramsey v Michigan Underground Storage Tank Financial Assistance Policy Bd*, 210 Mich App 267, 270-271; 533 NW2d 4 (1995) (even an owner's or an operator's statutory right to funds under the MUSTFA is not a vested right).

Reversed.