TAGGART v TISKA

Docket No. 219498. Submitted September 6, 2000, at Detroit. Decided
    October 6, 2000, at 9:00 A.M. Leave to appeal sought.

David P. and Bonnie J. Taggart brought an action in the St. Clair Cir-
    cuit Court against Terry L. Tiska, JAK Construction, Inc., and
    others, claiming ownership of a piece of land by adverse posses-
    sion. The land in dispute is actually located within the boundary
    line of property owned by Tiska that is adjacent to the plaintiffs'
    property. Tiska and JAK brought a counteraction against the plain-
    tiffs. The court, Daniel J. Kelly, J., granted summary disposition in
    favor of the defendants, finding that certain actions, including the
    digging of a trench through the disputed property by JAK Construc-
    tion, Tiska's predecessor in title, disseised and ousted the plaintiffs
    of the disputed property and that the plaintiffs reentered the dis-
    puted property by immediately continuing to use the portions of
    the property not affected by the trenching. The court also found
    that the plaintiffs failed to file their suit within one year of their
    ouster and reentry, as required by MCL 600.5868; MSA 27A.5868,
    and therefore their action was barred by the statute of limitations.
    The plaintiffs appealed.

    The Court of Appeals held:

    The statute requires an action for the recovery of property to be
    commenced within one year after a person has reentered the prop-
    erty after having been disseised and ousted therefrom. The court
    did not err in finding that the action was time-barred by the statute.

    Affirmed.

LIMITATION OF ACTIONS — ACTIONS TO RECOVER LAND AFTER OUSTER.

    An action to recover land must be commenced within one year after
    the plaintiff reenters the property after having been disseised and
    ousted therefrom (MCL 600.5868; MSA 27A.5868).

*John J. Jarzyna*, for the plaintiffs.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by
*Robert H. Feikens*), for Terry L. Tiska.

*Ogne, Alberts & Stuart, P.C.* (by *John M. Conway* and *Michael A. Ross*), for JAK Construction, Inc., and Keith Smith.

Before: CAVANAGH, P.J., and SAAD and METER, JJ.

PER CURIAM. Plaintiffs, Davis P. and Bonnie J. Taggart, appeal as of right from the summary disposition of their adverse possession claim pursuant to MCR 2.116(C)(7), (8), and (10). The trial court ruled that plaintiffs' action was barred by the one-year period of limitation for filing claims after a possessor of property has been ousted. MCL 600.5868; MSA 27A.5868. We affirm.

Plaintiffs own a home and lot located at 9055 Stone Road (the 9055 property). Defendant Terry L. Tiska owns a home and lot adjacent to the 9055 property on a parcel known as 9057 Stone Road (the 9057 property). Plaintiffs claim that since 1980 they have treated a line of trees as the boundary line of the 9055 property. However, a survey shows that this line of trees is not the lot line and that the line of trees is actually within the boundary line of the 9057 property. The plaintiffs claimed the triangular strip of land between the line of trees and the actual lot line by adverse possession.

On appeal, plaintiffs aver that the trial court erred in summarily disposing of their adverse possession claim pursuant to the one-year period of limitation provided in MCL 600.5868; MSA 27A.5868. The trial court's grant of summary disposition is reviewed de novo. *Smith v Globe Life Ins Co*, 460 Mich 446, 454-455; 597 NW2d 28 (1999). Whether a cause of action is barred by the statute of limitation, and therefore subject to summary disposition pursuant to MCR

2.116(C)(7), is a question of law that is reviewed de novo. *McKiney v Clayman*, 237 Mich App 198, 201; 602 NW2d 612 (1999). We conclude that the trial court did not err in ruling that plaintiffs' action was time-barred by MCL 600.5868; MSA 27A.5868 because they failed to seek recovery of the disputed strip within one year of their ouster.

The trial court relied on MCL 600.5868; MSA 27A.5868 to dispose of plaintiffs' action as untimely. It provides:

> No person shall be deemed to have been in possession of any lands, within the meaning of this chapter merely by reason of having made an entry thereon, unless he continues in open and peaceable possession of the premises for at least 1 year next after such entry, or unless an action is commenced upon such entry and seisin, within 1 year after he is ousted or dispossessed of the premises.

The primary purpose of statutory interpretation is to ascertain and effectuate the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). When determining the intent of the Legislature, this Court must first look to the specific language of the statute. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). If the plain and ordinary meaning of the statute's language is clear, judicial construction is inappropriate. *Id*. However, if reasonable minds can differ regarding the statute's meaning, judicial construction is appropriate. *Adrian School Dist v Michigan Public School Employees' Retirement System*, 458 Mich 326, 332; 582 NW2d 767 (1998).

We note that in this case the statute's wording causes its meaning and intended application to be less than perfectly clear, and we urge the Legislature

to revisit and clarify this provision. However, this section is contained in the portion of the Revised Judicature Act governing the limitation of actions and it is well established that a plaintiff who is aware of his right to bring a cause of action may not sit idly by and later bring an untimely suit. Therefore, in light of the intent of the Legislature to generally limit untimely actions, and the language of the statute at issue in this case, we conclude that the statute requires an action for recovery of property to be commenced within one year after a person has reentered the property after being ousted.

Here, actions in November 1996 by defendant JAK Construction, Inc., Tiska's predecessor in title, of clearing some of the 9057 property and digging a trench through the disputed strip had disseised and ousted plaintiffs of the strip, thereby requiring plaintiffs to file suit for recovery within one year pursuant to MCL 600.5868; MSA 27A.5868. Further, plaintiffs reentered the strip by immediately continuing to use the portions of the strip not affected by the trenching. Therefore, pursuant to statute, plaintiffs were obligated to file their action within one year of their November 1996 ouster and reentry. The trial court did not err in ruling that plaintiffs' action was time-barred by MCL 600.5868; MSA 27A.5868.[1]

Affirmed.

---

[1] We note plaintiffs' frequent reference to their action as one claiming that they acquired ownership to the disputed strip pursuant to acquiescence. While plaintiffs' motion to amend their complaint to add a claim of acquiescence was granted, no amended complaint was ever filed.