*In re* FAMILY INDEPENDENCE AGENCY (ON REHEARING)

Docket No. 219442. Submitted September 12, 2001, at Detroit. Decided
December 7, 2001, at 9:00 A.M. Leave to appeal sought.

MJK, aged fourteen, was adjudicated a delinquent by the St. Clair Circuit Court, Family Division, for engaging in conduct that would have been second-degree criminal sexual conduct had it been committed by an adult. In orders of disposition, the family court, Robert R. Spillard, J., continued temporary wardship of MJK and committed him to the Family Independence Agency (FIA) for immediate placement at the Maxey Boys Training School for treatment as a sex offender. The FIA brought in the Court of Appeals an action for superintending control against the family court judge and the people of the state of Michigan, seeking a Court of Appeals order directing the family court judge to delete from his dispositional order the requirement of placement at the Maxey Boys Training School. The FIA contended that the family court judge exceeded his authority under MCL 712A.18(1)(e) in ordering such placement because the authority to determine appropriate placement is vested in the FIA by the statute at issue. The Court of Appeals peremptorily dismissed the complaint for superintending control, ruling that while the FIA is authorized by subsection 18(1)(e) to direct placement of juveniles who are not wards of the court, it is not authorized to direct placement of juveniles who, like MJK, are wards of the court. The FIA moved for, and the Court of Appeals granted, a rehearing.

On rehearing, the Court of Appeals *held*:

Subsection 18(1)(e) gives a juvenile court general authority to commit a juvenile to a public institution, county facility, institution operated as an agency of the court or county, or agency authorized by law to receive juveniles of similar age, sex, and characteristics. The only limitation on that authority is that when the committed juvenile is not a ward of the court, commitment shall be to the FIA or, if the county is a county juvenile agency, to that county juvenile agency for placement in or commitment to such an institution or facility as the FIA or county juvenile agency determines is most appropriate.

In this case, where MJK was a temporary ward of the court at the time of his commitment, the family court was not subject to the

limitation that applies to commitment of a juvenile who is not a ward of the court.

Complaint dismissed.

COURTS — JUVENILE COURTS — COMMITMENTS.

A juvenile court, when committing a juvenile over whom temporary wardship is continued, has general authority to commit the juvenile to a public institution, county facility, institution operated as an agency of the court or county, or agency authorized by law to receive juveniles of similar age, sex, and characteristics; where commitment of such a ward is to the Family Independence Agency, the court may direct the placement of the ward at a specific facility (MCL 712A.18[1][e]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *William R. Morris*, Assistant Attorney General, for the plaintiff.

*Peter R. George*, Prosecuting Attorney, and *Timothy K. Morris*, Assistant Prosecuting Attorney, for the defendants.

ON REHEARING

Before: K. F. KELLY, P.J., and HOOD and ZAHRA, JJ.

PER CURIAM. This action seeking an order for superintending control comes to us on rehearing. We affirm this Court's prior order denying plaintiff Family Independence Agency relief.

I. PROCEDURAL HISTORY

In August 1998, fourteen-year-old MJK was charged with second-degree criminal sexual conduct (CSC II), accosting a child for immoral purposes, and indecent exposure. In January 1999, MJK pleaded guilty to the CSC II charge, and the other two charges were dismissed. In its order of disposition, the court made MJK a temporary ward of the court.

On February 19, 1999, following a dispositional hearing, the family court referee issued a supplemental order of disposition recommending, in pertinent part, as follows:

> The juvenile's placement shall be changed to WJ MAXEY - SUMMIT.
>
> That [MJK] be continued as a temporary ward of this Court.
>
> That [MJK] be committed to the State of Michigan Family Independence Agency under Public Act for future care and planning.
>
> That [MJK] be immediately placed at Maxey Boys Training School to receive treatment as a sex offender.
>
> That the Director of Boys Training School is ordered to accept [MJK] upon presentation of said minor and this Court Order.
>
> *        *        *
>
> That [MJK] shall be transferred from the caseload of . . . Juvenile Probation Officer, to the caseload of . . . delinquency worker at the Family Independence Agency.[1]

On March 8, 1999, the FIA appealed the family court's dispositional order to this Court, arguing that the order violated MCL 712A.18(1)(e), as amended by 1998 PA 478,[2] because it usurped the FIA's authority to determine the appropriate placement for the juvenile,

---

[1] On February 25, 1999, St. Clair Circuit Judge Robert R. Spillard entered an amended order, indicating that the applicable public act number was inadvertently omitted from the previous order. The court listed the public act number (Public Act 150), and ordered that the remainder of the February 19, 1999, order remain in full force and effect.

[2] MCL 712A.18, as amended, provides, in pertinent part:

> (1) If the court finds that a juvenile concerning whom a petition is filed is not within this chapter, the court shall enter an order dismissing the petition. Except as otherwise provided in subsection (10), if the court finds that a juvenile is within this chapter, the court may enter any of the following orders of disposition that are

particularly in light of the newly added language of the statute. This Court issued an order dismissing the appeal pursuant to MCR 7.216(A)(10) because the FIA was not a party to the proceedings involving the juvenile. This Court's order, however, stated that dismissal was without prejudice to the FIA's filing a complaint for superintending control. *In re MJK*, unpublished order of the Court of Appeals, entered April 26, 1999 (Docket No. 218041).

On May 12, 1999, the FIA filed a complaint for superintending control in this Court. Again, the FIA maintained that the supplemental and amended orders violated subsection 18(1)(e) because they usurped the FIA's authority to determine the placement of the juvenile. On February 8, 2000, this Court peremptorily dismissed the FIA's complaint for superintending control. A panel of this Court concluded that the amended language of subsection 18(1)(e) deprived the FIA of statutory authority to directly place juvenile offenders who are wards of the court, even though the court had also committed the juve-

---

appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained:

\*     \*     \*

(e) *Except as otherwise provided in this subdivision, commit* the juvenile to a public institution, county facility, institution operated as an agency of the court or county, or agency authorized by law to receive juveniles of similar age, sex, and characteristics. *If the juvenile is not a ward of the court, the court shall commit the juvenile to the family independence agency or, if the county is a county juvenile agency, to that county juvenile agency for placement in or commitment to such an institution or facility as the family independence agency or county juvenile agency determines is most appropriate, subject to any initial level of placement the court designates* . . . . [Amended language italicized.]

nile to the care of the FIA.[3] On April 27, 2000, this Court granted plaintiff's motion for rehearing and directed the parties to proceed in the same manner as in an appeal of right. *FIA v St Clair Family Court Judge*, unpublished order of the Court of Appeals, entered April 27, 2000 (Docket No. 219442).

## II. ANALYSIS

On this appeal, the issue presented is whether, under MCL 712A.18(1)(e), the family court has authority to determine the specific placement of a juvenile when it commits the juvenile to the FIA, but continues the juvenile as a court ward. This is an original action in this Court, presenting issues of statutory interpretation.

---

[3] This Court's order provides, in pertinent part, as follows:

Pursuant to the plain language of MCL 712A.18(1)(e); MSA 27.3178(598.18)(1)(e), as amended by 1998 PA 478, the authority to direct placement of a juvenile offender is generally dependent in the first instance on whether the juvenile is a ward of the court. Pursuant to § 18(1) and the first sentence of subsection 18(1)(e), "the court" may "commit the juvenile to a public institution, county facility, institution operated as an agency of the court or county, or agency authorized by law to receive juveniles of similar age, sex, and characteristics." However, *[i]f the juvenile is not a ward of the court,* the court shall commit the juvenile to the family independence agency . . . for placement in or commitment to such an institution or facility as the family independence agency . . . determines is most appropriate, subject to any initial level of placement the court designates" (emphasis added). In the present matter, the family court's February 19, 1999, supplemental dispositional order expressly stated "That [MJK] be continued as a temporary ward of this Court." Accordingly, while the Family Independence Agency may have statutory authority to direct placement of certain juvenile offenders who are not wards of the court, it has no such authority over juveniles who are wards of the court, such as juvenile [MJK]. [*FIA v St Clair Family Court Judge*, unpublished order of the Court of Appeals, entered February 8, 2000 (Docket No. 219442) (emphasis in original).]

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998). If the plain and ordinary meaning of a statute is clear, judicial construction is neither necessary nor permitted. *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd,* 240 Mich App 153, 166; 610 NW2d 613 (2000). We may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell,* 214 Mich App 304, 310; 543 NW2d 11 (1995). When reasonable minds may differ with respect to the meaning of a statute, the courts must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident & Indemnity (After Remand),* 444 Mich 638, 644; 513 NW2d 799 (1994).

With those well-settled principles of statutory interpretation in mind, we agree with the prior panel of this Court that an order for superintending control is not warranted under these circumstances given the plain language of MCL 712A.18(1)(e). Section 18 provides, in pertinent part:

> (1) If the court finds that a juvenile concerning whom a petition is filed is not within this chapter, the court shall enter an order dismissing the petition. Except as otherwise provided in subsection (10), if the court finds that a juvenile is within this chapter, the court may enter any of the following orders of disposition that are appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained:

*   *   *   .

>      (e) Except as otherwise provided in this subdivision,
> commit the juvenile to a public institution, county facility,
> institution operated as an agency of the court or county, or
> agency authorized by law to receive juveniles of similar age,
> sex, and characteristics. If the juvenile is not a ward of the
> court, the court shall commit the juvenile to the family
> independence agency or, if the county is a county juvenile
> agency, to that county juvenile agency for placement in or
> commitment to such an institution or facility as the family
> independence agency or county juvenile agency determines
> is most appropriate, subject to any initial level of placement
> the court designates. . . .

The FIA argues that because subdivision e allows the FIA authority to place juveniles committed to the agency, the court's conduct in the present case unduly usurped that authority. We disagree with the FIA's interpretation of § 18. Significantly, subdivision e begins with the plain statement: "Except as otherwise provided in this subdivision," then goes on to provide that a court may enter an order committing a juvenile to the specific institutions or facilities it sees fit. Thus, the juvenile courts have been given general authority with respect to committing juveniles to the designated facilities and institutions. The only limitation on that authority is provided in the second part of subdivision e, stating "If the juvenile is not a ward of the court . . . ." In such a case, the Legislature has required that the court commit the juvenile to the FIA or, in limited instances, to the appropriate county juvenile agency.[4]

---

[4] Subsection 18(1)(d) provides a court specific authority to commit a juvenile to the FIA. That subdivision states, in part, that a court may issue an order to "place the juvenile in or commit the juvenile to a private institution or agency approved or licensed by the department of consumer and industry services for the care of juveniles of similar age, sex, and characteristics." MCL 712A.18(1)(d).

In this case, the trial court's dispositional order provides that MJK was to be continued as a court ward. Thus, under the plain language of subsection 18(1)(e), the limitation on the court's general authority to place MJK in a specific institution or facility does not apply. Accordingly, the court had authority to "commit [MJK] to a public institution, county facility, institution operated as an agency of the court or county, or agency authorized by law to receive juveniles of similar age, sex, and characteristics." We recognize that subdivision e does not specifically delineate a procedure to be followed in situations such as the present, where the court has continued the juvenile as a court ward *and* committed the juvenile to the FIA. However, without a more specific directive from our Legislature,[5] we cannot conclude that placement of the juvenile in this case is not within the sole discretion of the court as provided in the first sentence of subdivision e. To conclude otherwise would require us to look outside the plain, unambiguous language of the subsection 18(1)(e), which we are prohibited from doing in light of the doctrine of separation of powers and well-settled principles of statutory interpretation.

For the reasons discussed, this Court again orders the dismissal of the FIA's complaint for an order of superintending control.

Complaint dismissed.

---

[5] Given that the text of subsection 18(1)(e) appears not to contemplate the present situation, we urge the Legislature to consider whether it intends for the court or the FIA to have ultimate authority in placing a juvenile when the court continues wardship and commits the juvenile to the FIA. We note that the FIA contends the present situation is prevalent and the absence of a specific directive in these circumstances has led to significant practical problems. According to the FIA, court-ordered placements have the problematic effect of "leapfrogging" other juveniles currently on waiting lists to enter certain placement programs.