**In re David Allen VINSON, Debtor.**

**In re Robert A. Silver, Debtor.**

**Nos. 05–55599, 05–55604.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Jan. 27, 2006.

Marshall D. Schultz, Southfield, MI, for Debtor.

### OPINION DENYING DEBTORS' HOMESTEAD EXEMPTIONS

THOMAS J. TUCKER, Bankruptcy Judge.

These two cases involve a dispute about the homestead exemption contained in Michigan's recently-enacted bankruptcy-exemption statute, Mich. Comp. Laws Ann. § 600.5451(1)(n). The debtors in these bankruptcy cases, David A. Vinson and Robert A. Silver, have each claimed a homestead exemption of $30,000.00 in the same real property, which they co-own. The Chapter 7 Trustee in each case has objected, and argues that under Mich.

Comp. Laws Ann. § 600.5451(1)(n), Debtors are only entitled to a total exemption of $30,000 between them, rather than to two individual $30,000 exemptions.

The Court concludes that Mich. Comp. Laws Ann. § 600.5451(1)(n) is unconstitutional because it conflicts with the Bankruptcy Code. As a result, the Court must deny the claimed exemptions.

## I. Facts.

The relevant facts are not in dispute. Debtors Vinson and Silver are co-owners of real property located at 7446 Vinewood, West Bloomfield, Michigan 48322 (the "Property"), and both reside there. On May 13, 2005, each Debtor filed his own voluntary petition for relief under Chapter 7. Each Debtor treated the Property the same way in his bankruptcy schedules. On Schedule A, each Debtor listed his interest in the Property as a tenant in common, and indicated that the Property has a value of $284,000. Debtors and the Chapter 7 Trustee now all agree, however, that the Property has a value of approximately $310,000. On Schedule D, each Debtor indicated that Metro Bank Mortgage Services holds a mortgage on the Property in the amount of $224,000. Thus, assuming the Property has a value of $310,000, Debtors have a combined total equity in the Property of $86,000. Finally, on Schedule C, each Debtor elected the Michigan exemptions under 11 U.S.C. § 522(b)(2), and each claimed an exemption of $30,000 in the Property under Mich. Comp. Laws Ann. § 600.5451(1)(n).

George Dakmak is the Chapter 7 Trustee in each case. He filed objections to each Debtor's claimed $30,000 exemption in the Property. The Court held a hearing on the objections and took them under advisement.

## II. Jurisdiction.

This Court has subject matter jurisdiction over these bankruptcy cases under 28 U.S.C. §§ 1334(a), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D.M.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## III. Discussion.

■ Debtors argue that under Mich. Comp. Laws Ann. § 600.5451(1)(n), each Debtor is entitled to a $30,000 exemption in the Property, resulting in a total value of $60,000 of the Property being exempt in these two cases. The Trustee argues that $30,000 is the maximum aggregate amount that the Debtors may exempt. The Court concludes, however, that it must deny Debtors' exemption claims entirely.

Mich. Comp. Laws Ann. § 600.5451(1)(n), on which Debtors rely, is part of a larger exemption statute that became effective on January 3, 2005, and which applies only to "a debtor in bankruptcy under the bankruptcy code." It contains a homestead exemption, and provides in relevant part:

A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property:

\* \* \* \* \* \*

(n) The interest of the debtor, the co-debtor, if any, and the debtor's dependents, not to exceed $30,000.00 in value or, if the debtor or a dependent of the debtor at the time of the filing of the bankruptcy petition is 65 years of age or older or disabled, not to exceed $45,000.00 in value, in a homestead.

Mich. Comp. Laws Ann. § 600.5451(1)(n).

■ Under Michigan law, "[w]here a statute is clear and unambiguous, judicial

construction is precluded." *Frankenmuth Mut. Ins. Co. v. Marlette Homes, Inc.*, 456 Mich. 511, 573 N.W.2d 611, 613 (1998). And the Court may not rewrite a statutory provision so that it conforms with constitutional requirements, in an effort to salvage it. *See Ayotte v. Planned Parenthood of Northern New England*, ⸺ U.S. ⸺, ⸺, 126 S.Ct. 961, 967–69, ⸺ L.Ed.2d ⸺ (2006). "A statute is ambiguous when reasonable minds can differ regarding its meaning." *Mayor of Lansing v. Michigan Pub. Serv. Comm'n*, 470 Mich. 154, 680 N.W.2d 840, 851 (2004) (citation omitted). The Court concludes that, at least in the respect relevant to this decision, § 600.5451(1)(n) is not ambiguous, and that given its clear meaning, the statute is unconstitutional under the Supremacy Clause of the United States Constitution.

Section 600.5451(1)(n) clearly states that by electing state rather than federal exemptions under § 522(b)(2) of the Bankruptcy Code, a debtor in bankruptcy may exempt from "property of the estate" not only the debtor's interest in a homestead, but also the interests of "the codebtor, if any, and the debtor's dependants" in that homestead. This conflicts with the Bankruptcy Code.

Section 522(b) of the Bankruptcy Code[1] defines and limits the property a debtor in bankruptcy may claim as exempt. Under § 522(b), a debtor may exempt only certain specified property from "property of the estate." That section provides, in relevant part, that "an individual debtor may exempt **from property of the estate** the property listed in either paragraph (1) or,

in the alternative, paragraph (2) of this subsection." 11 U.S.C. § 522(b) (emphasis added). Paragraph (2) of § 522(b) permits a debtor in bankruptcy to elect to exempt, from "property of the estate," "any property that is exempt ... under State or local law ...."

Section 541(a)(1) of the Bankruptcy Code defines what is property of the estate. It provides that, with certain exceptions not applicable here, property of the estate consists of "all legal or equitable **interests of the debtor in property** as of the commencement of the case." 11 U.S.C. § 541(a)(1)(emphasis added). Property of the estate, therefore, does not include any property interest of any other person other than the bankruptcy debtor.

From these basic Bankruptcy Code provisions, it follows that a bankruptcy debtor may not exempt from property of the estate a property interest of any person other than the bankruptcy debtor. *See, e.g., In re Lindstrom*, 331 B.R. 267, 270 (Bankr.E.D.Mich.2005).[2] But that is exactly what the Michigan statute purports to allow. Mich. Comp. Laws Ann. § 600.5451(1)(n) explicitly states that "a debtor in bankruptcy may ... under [Section 522(b)(2) of the Bankruptcy Code]," exempt property interests of persons other than the debtor—*i.e.*, "the codebtor, if any, and the debtor's dependents"—from "property of the estate." So the Michigan statute clearly purports to permit an exemption in bankruptcy that the Bankruptcy Code does *not* permit. This subsection of the Michigan exemption statute conflicts with the Bankruptcy Code, and therefore it is unconstitutional under the Supremacy

---

**1.** All citations in this Opinion to the Bankruptcy Code are to the Code as it existed before the amendments made by "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005."

**2.** As the court in *Lindstrom* stated, "[i]f an interest in property never becomes property of a debtor's bankruptcy estate, it of course follows that the debtor need not and cannot exempt such interest from property of his or her bankruptcy estate." 331 B.R. at 270.

Clause of the United States Constitution.[3] The Supremacy Clause invalidates any state statute that is contrary to, interferes with, or "frustrates the full effectiveness of federal law." *Perez v. Campbell*, 402 U.S. 637, 649–652, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

The decision in this case does not require the Court to invalidate any of the other provisions of Mich. Comp. Laws Ann. § 600.5451. Nor is it necessary to decide whether any of those other provisions is unconstitutional. That question is not presented by this case, and as the Supreme Court held very recently in *Ayotte*, 126 S.Ct. at 967–69, the general rule is that

> when confronting a constitutional flaw in a statute, we ... prefer ... to enjoin only the unconstitutional applications of a statute while leaving other applications in force, or to sever its problematic portions while leaving the remainder intact ... [and] we try not to nullify more of a legislature's work than is necessary, for we know that "[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people."

(citations omitted); *see also In re Raynard*, 327 B.R. 623, 643 n. 28 (Bankr.W.D.Mich.2005)("Generally, the unconstitutionality of one provision of a statute does not also render the remaining provisions of the statute invalid unless the remaining provisions are so related to the unconstitutional provision that the intent of the legislation would be thwarted were the remaining provisions to stand.") (citations omitted).

## IV. Conclusion.

Because Mich. Comp. Laws Ann. § 600.5451(1)(n) is unconstitutional, Debt-ors may not use it to exempt any portion of the value of the Property. Their claimed homestead exemptions must be disallowed. In light of this decision, of course, Debtors may amend their claims of exemption if they wish, for example, by electing the federal exemptions, including the federal homestead exemption under 11 U.S.C. § 522(d)(1). *See generally* Fed. R.Bankr.P. 1009(a). The Court will enter an order consistent with this opinion.

---

**3.** The Supremacy Clause provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ...shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.