# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN INSURANCE COMPANY,

        Plaintiff-Appellant,

v

POSEN CHAMBER OF COMMERCE and
JASON ROBERT RISTEAU,

        Defendants-Appellees.

UNPUBLISHED
February 23, 2017

No. 330176
Presque Isle Circuit Court
LC No. 14-003109-CK

Before: HOEKSTRA, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

In this declaratory action involving the coverage of a general liability insurance policy, plaintiff, Michigan Insurance Company, appeals the trial court's order that granted summary disposition in favor of defendants. The trial court concluded that summary disposition was proper because the vehicle in question did not fall into the insurance policy's definition of "mobile equipment," and was therefore not excluded from coverage. We reverse and remand for the entry of summary disposition in favor of plaintiff.

## I. FACTS

This case arises out of an accident that occurred on September 7, 2014, at a "Bump-n-Run" race held as part of the Posen Potato Festival. During the final race, Daniel Stewart's vehicle was pushed off the track by at least one other vehicle into a large tire filled with dirt, which was then propelled into a fence and caused serious injury to defendant Jason Risteau.

Risteau brought suit for negligence against, among others, defendant Posen Chamber of Commerce, which carried general liability insurance issued by plaintiff. Plaintiff then filed the instant suit and asserted that it was not required to provide coverage because the vehicle driven by Stewart was "mobile equipment" and the policy excluded coverage for injuries "arising out of the use of 'mobile equipment' in pre-arranged racing, speed, demolition, or stunt activity." The parties do not dispute that the Bump-n-Run was a "pre-arranged racing, speed, demolition, or stunt activity."

Plaintiff moved for summary disposition under MCR 2.116(C)(10) and argued that either Stewart's vehicle was designed principally for use off public roads or, alternatively, because the

vehicle was maintained for entertainment purposes and not for transportation. The circuit court granted summary disposition in favor of defendant, citing the definition of "mobile equipment" in the policy and reasoning that it described vehicles for industrial or agricultural uses, which did not describe Stewart's vehicle.

## II. ANALYSIS

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Hampton v Waste Mgmt of Mich, Inc*, 236 Mich App 598, 602; 601 NW2d 172 (1999). The trial court may grant a motion under MCR 2.116(C)(10) if the "affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court considers this evidence in the light most favorable to the opposing party. *Id*. "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

Plaintiff argues that, under the definition of "mobile equipment," Stewart's vehicle qualified because it was a "vehicle designed for use principally off public roads." We agree.

Contracts for insurance "are subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). When interpreting or construing a contract, the goal is "to honor the intent of the parties." *Farm Bureau Gen Ins v Blue Cross Blue Shield of Mich*, 314 Mich App 12, 19; 884 NW2d 853 (2015) (quotation marks and citation omitted). Courts "look to the plain language of the insurance policy in determining the scope of coverage." *Busch v Holmes*, 256 Mich App 4, 9; 662 NW2d 64 (2003). Additionally, courts must construe contracts "to give effect to every word or phrase as far as practicable." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003) (quotation marks and citation omitted).

The general liability policy specifically excludes coverage for injury arising out of "[t]he use of 'mobile equipment' in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity." The policy defines "mobile equipment," in relevant part as follows:

> "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:
>
> **a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads[.]

Here, we hold that Stewart's vehicle clearly falls under the definition of "mobile equipment" under subparagraph (a). There is no question that the vehicle was a "land vehicle," as it traversed across the land (and not over water or in the air). Further, there is no question that the vehicle was "designed for use principally off public roads." "Principally" is defined under "principal" as "most important, consequential." *Merriam-Webster's Collegiate Dictionary* (11th ed). The most important or consequential use for Stewart's vehicle is racing in a Bump-n-Run,

which is done off public roads.  There is no dispute that Stewart's vehicle had been modified to remove all lights, many windows, and its mirrors, all of which would be necessary for use on a public highway.  Therefore, under the plain terms of the policy, Stewart's vehicle is designed "principally" for use off public roads and qualifies as mobile equipment.  Accordingly, the general liability policy excluded coverage for the accident, and the trial court erred when it failed to grant summary disposition in favor of plaintiff.

The trial court's and defendants' reliance on the doctrine *ejusdem generis* is misplaced.  *Ejusdem generis* is defined as a rule of construction where, "when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same class as those listed." *Black's Law Dictionary* (10th ed).  The trial court found that, because the general term in the definition "other vehicles designed for use principally off public roads" followed a list of specific vehicles "bulldozers," "farm machinery," and "forklifts," that this general term must be of the same character as bulldozers, farm machinery, and forklifts.  We disagree.

First, the term is not purely general.  The term was limited to "vehicles *designed for use principally off public roads.*"  (Emphasis added.)  If this term were more general, such that it had little or no limitations at all, then application of the doctrine arguably would be appropriate.  Second, the three listed items have little in common.  Bulldozers are typically found on construction sites, farm machinery is typically found on a farm setting, and forklifts typically are found in an industrial or commercial setting (although they certainly could appear on a construction site).  Thus, trying to ascertain any obvious common ground from these items (aside from requiring that the vehicles must be either construction-, farm-, or industrial-related) to be able to import into the following general term would be a difficult proposition.  Third, courts are precluded from engaging in such construction unless the plain meaning of the text is not apparent.  See *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998) ("'Where a statute is clear and unambiguous, judicial construction is precluded.'") (citation omitted).  Indeed, *ejusdem generis* "should never be applied where the plain purpose and intent of the [parties] would thereby be hindered or defeated. . . .  If the language used is plain, the rule of *ejusdem generis* cannot be applied." *Utica State Savings Bank v Village of Oak Park*, 279 Mich 568, 573; 273 NW2d 271 (1937).  Here, there is nothing in the language of the policy that indicates that the parties did not intend for "mobile equipment" to include, as the plain text indicates, all "vehicles designed for use principally off public roads."

Reversed.  We remand to the trial court to enter summary disposition in favor of plaintiff.  We do not retain jurisdiction.  Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Joel P. Hoekstra
/s/ Henry William Saad
/s/ Michael J. Riordan

-3-