TOTH v AUTOALLIANCE INTERNATIONAL, INC

Docket No. 226797. Submitted February 13, 2001, at Detroit. Decided July 20, 2001, at 9:10 A.M. Leave to appeal sought.

Patricia Toth worked for AutoAlliance International, Inc., from March 1987 until October 1991, when pain in her hands and wrists left her unable to work. Toth received worker's compensation for having bilateral carpal tunnel syndrome. Following corrective surgery, Toth returned to employment with AutoAlliance in October 1993 and worked until March 1994, when AutoAlliance laid her off because it could not accommodate physical restrictions its physician placed on Toth after she again began experiencing pain in her wrists. Toth sought worker's compensation. A worker's compensation magistrate found a new injury date of March 25, 1994, and calculated Toth's weekly wage pursuant to MCL 418.371(3) for purposes of determining her worker's compensation benefit amount. Toth appealed the calculation of average weekly wage to the Worker's Compensation Appellate Commission, which affirmed the magistrate's decision. On further appeal, the Court of Appeals vacated the commission's decision and remanded the matter. Unpublished peremptory order entered August 3, 1999 (Docket Nos. 219103, 219153). The Supreme Court, in lieu of granting leave to appeal, vacated the Court of Appeals order and remanded the matter to the Court of Appeals for consideration as on leave granted, directing the Court of Appeals to specifically consider which subsection of MCL 418.371 applies to the calculation of Toth's average weekly wage and whether the magistrate correctly calculated average weekly wage. 461 Mich 1020 (2000).

The Court of Appeals held:

Toth's average weekly wage is properly calculated pursuant to MCL 418.371(6), which provides that if there are special circumstances under which the average weekly wage cannot justly be determined by applying subsections 2 to 5, MCL 418.371(2)-(5), an average weekly wage may be computed by dividing the aggregate earnings during the year before the injury by the number of days when work was performed and multiplying that daily wage by the number of working days customary in the employment, but not less than five.

Subsection 2, which provides that the average weekly wage shall be determined by computing the total wages paid in the highest paid thirty-nine weeks of the fifty-two weeks immediately preceding the injury and dividing by thirty-nine, does not apply to Toth because she worked less than thirty-nine weeks of the fifty-two weeks immediately preceding the March 25, 1994, date of injury. Subsection 3, which provides that the average weekly wage shall be based on the total wages earned divided by the total number of weeks actually worked if the employee worked less than thirty-nine weeks in the employment in which the employee was injured, does not apply to Toth because her two stints at AutoAlliance exceeded thirty-nine weeks. Subsection 4, which pertains to an employee who sustains a compensable injury before completing the first week of work, does not apply to Toth. Subsection 5, which pertains to an employee whose hourly earnings cannot be ascertained or whose pay has not been designated for the work required, does not apply to Toth.

Reversed and remanded for calculation of average weekly wage pursuant to MCL 418.371(6).

*Charles W. Palmer,* for the plaintiff.

*Humphrey, Hannon, Moriarty & Schoener, P.C.* (by *Donald H. Hannon* and *Denise L. Clemmons*), for the defendant.

Before: WHITE, P.J., and WILDER and ZAHRA, JJ.

ZAHRA, J. This case is before us on remand from the Supreme Court for consideration as on leave granted. *Toth v Autoalliance Int'l, Inc No 2,* 461 Mich 1020 (2000). Plaintiff appeals the calculation of her "average weekly wage"[1] made by the magistrate and affirmed by the Worker's Compensation Appellate Commission (WCAC). We reverse and remand.

Plaintiff worked for defendant from March 1987 until October 1991, when she left work because of pain in her hands and wrists. Plaintiff was found to suffer from work-related bilateral carpal tunnel syn-

---

[1] See MCL 418.371.

drome and received worker's compensation benefits as a result of that disability. Plaintiff had surgery to correct the condition, and in October 1993 she was cleared by her physician to return to work without restrictions. Soon after returning to work, plaintiff began to suffer pain in her wrists. In March 1994, plaintiff was examined by defendant's workplace physician. That same month, plaintiff was laid off after defendant determined it could not accommodate the restrictions placed on her physical activities. It is plaintiff's employment from October 1993 to March 1994 that is at issue in the present case.

Plaintiff brought the present claim, arguing her return to unrestricted work in October 1993 led to aggravation of her condition and resulted in a new date of injury. As such, plaintiff argued, it was necessary to recalculate her worker's compensation benefit amount. See MCL 418.301, 418.371. The magistrate found a new injury date of March 25, 1994, and recalculated the amount of worker's compensation benefits to which plaintiff was entitled. In calculating plaintiff's "average weekly wage," the magistrate counted the three days plaintiff worked her first week of employment in October 1993, and the four days plaintiff worked the week she was injured in March 1994, as fractions of a whole, five-day, week and counted all weeks in between, in which at least one day was worked, as full weeks. Using this method the magistrate concluded that plaintiff's average weekly wage was $601.52,[2] with a resulting compensation amount of $371.58.

---

[2] It appears that the magistrate utilized MCL 418.371(3) in making that calculation.

On appeal to the WCAC, the magistrate's finding regarding plaintiff's average weekly wage was affirmed. The WCAC reasoned that the magistrate calculated plaintiff's average weekly wage in the manner "mandated" by the Supreme Court's decision in *Rowell v Security Steel Processing Co*, 445 Mich 347; 518 NW2d 409 (1994), which interpreted MCL 418.371(3). Plaintiff appealed to this Court, which vacated the WCAC decision and remanded the matter by peremptory order. *Toth v Auto Alliance Int'l*, unpublished order of the Court of Appeals, entered August 3, 1999 (Docket Nos. 219103, 219153). On appeal to the Supreme Court, this Court's order was vacated and the matter was remanded to this Court. We have been directed to consider "whether the magistrate correctly calculated plaintiff's average weekly wage. In so doing, [this Court] is to specifically consider which section of MCL 418.371; MSA 17.237(371) applies to the calculation of the plaintiff's average weekly wage." *Toth v Autoalliance Int'l, Inc No 2, supra.*

MCL 418.371 provides:

> (1) The weekly loss in wages referred to in this act shall consist of the percentage of the average weekly earnings of the injured employee computed according to this section as fairly represents the proportionate extent of the impairment of the employee's earning capacity in the employments covered by this act in which the employee was working at the time of the personal injury. The weekly loss in wages shall be fixed as of the time of the personal injury, and determined considering the nature and extent of the personal injury. The compensation payable, when added to the employee's wage earning capacity after the personal injury in the same or other employments, shall not exceed the employee's average weekly earnings at the time of the injury.

(2) As used in this act, "average weekly wage" means the weekly wage earned by the employee at the time of the employee's injury in all employment, inclusive of overtime, premium pay, and cost of living adjustment, and exclusive of any fringe or other benefits which continue during the disability. Any fringe or other benefit which does not continue during the disability shall be included for purposes of determining an employee's average weekly wage to the extent that the inclusion of the fringe or other benefit will not result in a weekly benefit amount which is greater than ⅔ of the state average weekly wage at the time of injury. The average weekly wage shall be determined by computing the total wages paid in the highest paid 39 weeks of the 52 weeks immediately preceding the date of injury, and dividing by 39.

(3) If the employee worked less than 39 weeks in the employment in which the employee was injured, the average weekly wage shall be based upon the total wages earned by the employee divided by the total number of weeks actually worked. For purposes of this subsection, only those weeks in which work is performed shall be considered in computing the total wages earned and the number of weeks actually worked.

(4) If an employee sustains a compensable injury before completing his or her first work week, the average weekly wage shall be calculated by determining the number of hours of work per week contracted for by that employee multiplied by the employee's hourly rate, or the weekly salary contracted for by the employee.

(5) If the hourly earning of the employee cannot be ascertained, or if the pay has not been designated for the work required, the wage, for the purpose of calculating compensation, shall be taken to be the usual wage for similar services if the services are rendered by paid employees.

(6) If there are special circumstances under which the average weekly wage cannot justly be determined by applying subsections (2) to (5), an average weekly wage may be computed by dividing the aggregate earnings during the year before the injury by the number of days when work was performed and multiplying that daily wage by the num-

ber of working days customary in the employment, but not
less than 5.

(7) The average weekly wage as determined under this
section shall be rounded to the nearest dollar.

The primary goal of judicial interpretation of stat-
utes is to ascertain and give effect to the Legislature's
intent. *Frankenmuth Mut Ins Co v Marlette Homes,
Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). If the
plain and ordinary meaning of a statute is clear, judi-
cial construction is neither necessary nor permitted.
*Elia v Hazen*, 242 Mich App 374, 381; 619 NW2d 1
(2000). We may not speculate with regard to the prob-
able intent of the Legislature beyond the words
expressed in the statute. *In re Schnell*, 214 Mich
App 304, 310; 543 NW2d 11 (1995). When reasonable
minds may differ with respect to the meaning of a
statute, the courts must look to the object of the stat-
ute, the harm it is designed to remedy, and apply a
reasonable construction that best accomplishes the
purpose of the statute. *Marquis v Hartford Accident
& Indemnity (After Remand)*, 444 Mich 638, 644; 513
NW2d 799 (1994).

Much of the parties' arguments on appeal focuses
on whether each of plaintiff's partially worked weeks
between October 1993 and March 1994 should be con-
sidered fractions of whole weeks when calculating
plaintiff's average weekly wage under MCL
418.371(3). See *Rowell, supra*. However, subsection 3
is not applicable to the present case because plaintiff
worked for defendant for more than thirty-nine
weeks. In *Montano v General Motors Corp*, 187 Mich
App 230; 466 NW2d 707 (1991), this Court stated:

Turning to the statute in issue, we reject defendant's argu-
ment that the "39 weeks" in [MCL 418.371(3)] refers to "39

weeks of the 52 weeks immediately preceding the date of the injury" referred to in subsection (2). We believe the clear and unambiguous meaning of subsection (3) refers to a situation where an employee has not yet worked thirty-nine weeks at the place of employment where he was injured.[3] Moreover, we reject plaintiff's contention that the board properly applied subsection (3) to the present situation. Although plaintiff had not worked more than thirty-nine weeks for defendant in the year preceding his injury, he clearly had worked for defendant more than thirty-nine weeks at the time of his injury. Since subsection (3) applies only to employees who have not yet worked thirty-nine weeks for their employer at the time they are injured, subsection (3) is inapplicable to the present situation. [*Id.* at 235-236.]

Here, while plaintiff worked less than thirty-nine weeks after returning to work in October 1993, she had been employed by and worked for defendant for several years. Therefore, subsection 3 does not apply to the present case. *Id.* Likewise, the plain language of subsections 2, 4, and 5 precludes determination of plaintiff's average weekly wage under any of those provisions. Plaintiff worked less than thirty-nine weeks of the fifty-two weeks immediately preceding the March 25, 1994, date of injury and, therefore, subsection 2 is inapplicable. Because plaintiff's injury did not occur during her first week of employment and

---

[3] We recognize that we are bound to follow *Montano*; however, contrary to the *Montano* panel, we believe it is reasonable to construe the reference within subsection 3 to "39 weeks" as directly referring to the "39 weeks of the 52 weeks" referenced in subsection 2. Those subsections reasonably lend themselves to that interpretation as well as the interpretation taken by the *Montano* panel. Importantly, our disagreement with *Montano* on this point does not require a different result. As will be discussed, consideration of § 371 as a whole makes clear that the Legislature desired calculation of a true average weekly wage. Calculation of plaintiff's wage under subsection 6, rather than subsection 3, accomplishes that goal in these circumstances.

there is no question regarding the calculation of plaintiff's hourly wage, subsections 4 and 5 do not apply.

We conclude that the circumstances of the present case, which preclude determination of plaintiff's average weekly wage under subsections 2 to 5, constitute special circumstances that warrant calculation under subsection 6.[4] See *Montano, supra* at 236. On remand, the WCAC shall divide plaintiff's aggregated earnings during the relevant period before the injury, which neither party disputes were $12,270.91, by the eighty-two days plaintiff worked, and multiply that amount by the number of days the WCAC determines to be customary in the employment, but not less than five. MCL 418.371(6). The resulting sum must then be rounded to the nearest dollar to arrive at plaintiff's average weekly wage. MCL 418.371(7). Our conclusion that special circumstances exist that warrant application of subsection 6 is supported by a reading of § 371 as a whole, which indicates our Legislature drafted a statute that is sensitive to accuracy and seeks to produce a true average weekly wage. See *Rowell, supra* at 356-359.[5]

---

[4] Despite defendant's claim that plaintiff failed to preserve the issue whether subsection 6 may be said to apply, the Supreme Court has ordered us to consider which section of MCL 418.371 applies to this case, without limiting the subsections we may consider.

[5] To the extent that the *Rowell* Court's interpretation of § 371 was based on a desire to avoid construing the statute in a manner that produces an unreasonable or unjust result, *Rowell, supra* at 354, we question the logic of utilizing a method of statutory construction that allows deviation from the express language of a statute merely because a reviewing court may conclude that application of the statute renders an absurd or unjust result. *People v McIntire,* 461 Mich 147, 155-156, n 2; 599 NW2d 102 (1999) (explaining that departure from the literal construction of a statute where application may render an absurd or unreasonable result invites impermissible judicial law making).

To the extent that plaintiff argues this case should be guided by the principles set forth in *Arnold v General Motors Corp*, 456 Mich 682; 575 NW2d 540 (1998), that argument was not properly preserved for our review because it was neither raised before nor addressed by the WCAC. See *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Further, because *Arnold* did not involve the interpretation of MCL 418.371, addressing this issue is outside the scope of the remand order.

We reverse the WCAC's ruling calculating plaintiff's average weekly wage under MCL 418.371(3) and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.